UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN DIJON MORRISON,<br><br>                    Plaintiff,<br>v.<br><br>UNKNOWN DEFENDANT 1, *et al.*,<br><br>                    Defendants. | Case No. 2:20-cv-01756-KJD-VCF<br><br>SCREENING ORDER ON<br>FIRST AMENDED COMPLAINT<br>(ECF No. 4-1) |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint ("FAC") pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 4, 4-1). The Court now grants the application to proceed *in forma pauperis* and screens Plaintiff's FAC under 28 U.S.C. § 1915A.

I.     IN FORMA PAUPERIS APPLICATION

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 4). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

II.     SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.     SCREENING OF FAC

In the FAC, Plaintiff sues three Doe defendants for events that took place while Plaintiff was a pretrial detainee at Sunrise Hospital who was in the custody of Clark County Detention Center ("CCDC") officers.  (ECF No. 4-1 at 1-2).  Plaintiff sues Defendants Doe #1 and Doe #2, employed as CCDC transport officers, and Doe #3, a charge nurse at Sunrise Hospital.  (*Id.* at 2).  Plaintiff brings two claims and seeks injunctive and monetary relief.  (*Id.* at 5, 9).

The FAC alleges the following: On September 14, 2018, Plaintiff was in a car crash and had to have a hip replacement.  (*Id.* at 3).  Doctors told Plaintiff that he should not be taken out of the hospital without rehabilitation.  (*Id.*)  However, on September 19, 2018, Doe #3 signed Plaintiff out of the hospital to go with Doe #1 and Doe #2 against the doctor's orders and without appropriate medical equipment.  (*Id.* at 3, 5).

Doe #1 transported Plaintiff from Sunrise Hospital to the CCDC against the doctor's orders and without appropriate medical accommodations. (*Id.* at 4). Doe #1 dragged Plaintiff across the backseat of the police car. (*Id.*) Doe #2 held Plaintiff's legs as the two officers maneuvered Plaintiff into the back seat. (*Id.*) On the way to the jail[1], Plaintiff's left hip popped out of his socket. (*Id.*) The doctor had advised the officers that Plaintiff should not be moved due to his recent hip surgery. (*Id.*) However, both officers ignored that advice and stated that they had to transport Plaintiff to the county jail. (*Id.*)

At the jail, Plaintiff did not receive medical attention until eight to ten hours later when someone summoned an ambulance. (*Id.* at 3). Plaintiff had to have another operation. (*Id.*) Plaintiff continues to be in pain and his hip mobility decreased by 60%. (*Id.*)

Plaintiff alleges two claims for inadequate medical care under the Eighth Amendment. (*Id.* at 4-5). The Court dismisses the Eighth Amendment claim with prejudice as amendment would be futile because Plaintiff was a pretrial detainee during the time of the events. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (holding that the Eighth Amendment's bar against cruel and unusual punishment applies to convicted prisoners while pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause). As such, the Court analyzes Plaintiff's claims for inadequate medical care under the Fourteenth Amendment.

Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The Court evaluates these claims under an objective deliberate indifference standard. *Id.* at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take

---

[1] On page 4 of the FAC, Plaintiff says, "in route to the hospital" but, on page 3 of the FAC, Plaintiff says "in route to the county jail." (ECF No. 4-1 at 3-4). The Court believes Plaintiff meant to write "in route to the county jail" on page 4 of his FAC because that statement seems consistent with Plaintiff's allegations.

reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id.* A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

As an initial matter, the Court dismisses Doe #3 without prejudice because Plaintiff has not provided any allegations demonstrating that Doe #3 is a state actor. Under § 1983, "a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020). A defendant acts under color of state law if he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). In this case, Plaintiff alleges that Doe #3 is a private employee at a private hospital who handled the paperwork to release Plaintiff from the hospital. This is insufficient to demonstrate that Doe #3 is a state actor acting under color of state law.

Nevertheless, the Court finds that Plaintiff states a colorable Fourteenth Amendment inadequate medical care claim against Doe #1 and Doe #2. Based on the allegations, the doctors told those officers not to transport Plaintiff until he had rehabilitation, they did not listen, transported Plaintiff without medical accommodations in the squad car, and caused Plaintiff's hip to pop out again. This is sufficient to state a colorable claim on screening against Defendants Doe #1 and Doe #2.

However, this matter cannot proceed because Plaintiff's only colorable claim is asserted against two defendants that presently cannot be served. Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties is not known prior to filing a complaint but can subsequently be

determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Such a course of action might be appropriate when a matter may proceed to discovery. However, this matter cannot proceed to discovery because the FAC cannot be served on any party in the first instance.  The Court cannot order service of a complaint on an unknown person. Any attempt to serve the FAC on Doe #1 and Doe #2 would be futile. Plaintiff has not named any other person that can be served.  Before Plaintiff may proceed, he must amend his FAC and identify Doe #1 and Doe #2 by name.

The Court notes that one possible method by which Plaintiff might attempt to identify Doe #1 and Doe #2 prior to service of his FAC is through Federal Rule of Civil Procedure 45 ("Rule 45").  Rule 45 provides the only way to get information from companies, people, or entities that are not named in a lawsuit. *Allen v. Woodford*, 543 F. Supp. 2d 1138, 1145 (E.D. Cal. 2008) (granting the plaintiff's motion to compel discovery and ordering the Custodian of Records of the California Department of Corrections and Rehabilitation to produce the plaintiff's requested documents under Rule 45).  This is done by obtaining a Rule 45 subpoena duces tecum, which is a document that requires the person served with the Rule 45 subpoena to provide requested information in their possession.

If Plaintiff uses this method, he must file a properly supported and complete motion for the Court to issue a Rule 45 subpoena duces tecum. Plaintiff must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and his motion must clearly identify the documents that would have the information Plaintiff is seeking[2] and must also explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena. Plaintiff is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

---

[2] In this case, Plaintiff is only permitted to seek the full names and badge numbers of the two CCDC officers who transported him from Sunrise Hospital back to the CCDC on September 19, 2018.

### IV.     LEAVE TO AMEND

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the FAC. If Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original and first amended complaints and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the second amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint."

The Court notes that, if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the second amended complaint within 60 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, the Court will dismiss this action without prejudice for Plaintiff to initiate a new action when he learns the identities of Doe #1 and Doe #2.

### V.     CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Justin Dijon Morrison, #1211707** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is further ordered that the Clerk of the Court file and docket the first amended complaint (ECF No. 4-1).

It is further ordered that the Fourteenth Amendment inadequate medical care claim may proceed against Doe #1 and Doe #2 after Plaintiff learns their identities and files a second amended complaint with their names.

It is further ordered that, if Plaintiff chooses to file a second amended complaint curing the deficiencies of his FAC, as outlined in this order, Plaintiff will file the second amended complaint within 60 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his FAC (ECF No. 4-1). If Plaintiff chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

///

///

//

It is further ordered that, if Plaintiff does not file a second amended complaint within 60 days from the date of this order, the Court will dismiss this action without prejudice for Plaintiff to initiate a new action when he learns the identities of Doe #1 and Doe #2.

DATED THIS __6__ day of August 2021.

_____
UNITED STATES DISTRICT JUDGE